# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **MAIKO JESUS GAMEZ CALLE,** §<br>§<br>*Petitioner*, §<br>§<br>**v.** §<br>§<br>§<br>**WARDEN,** §<br>*in his official capacity*, ERO El Paso Camp §<br>East Montana; §<br>**MARY DE ANDA-YBARRA,** §<br>*in her official capacity as* Field Office §<br>Director of the El Paso Immigration and §<br>Customs Enforcement Office; §<br>**DAVID J. VENTURELLA,** §<br>*in his official capacity as* Senior Official §<br>Performing the Duties of the Director of U.S. §<br>Immigration and Customs Enforcement; §<br>**MARKWAYNE MULLIN,** §<br>*in his official capacity as* Secretary of the §<br>U.S. Department of Homeland Security; §<br>**TODD BLANCHE,** §<br>*in his official capacity as* Acting U.S. §<br>Attorney General; §<br>**U.S. IMMIGRATION AND CUSTOMS** §<br>**ENFORCEMENT;** §<br>**EXECUTIVE OFFICE OF** §<br>**IMMIGRATION REVIEW;** *and* §<br>**DEPARTMENT OF HOMELAND** §<br>**SECURITY,** §<br>§<br>*Respondents*. §<br>§ | EP-26-CV-01452-DCG |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

For the following reasons, the Court **GRANTS** Maiko Jesus Gamez Calle's Petition for

Writ of Habeas Corpus (ECF No. 1) **IN PART** and **ORDERS** Respondents to **RELEASE**

Petitioner from custody.

## I.    Background

Immigration and Customs Enforcement ("ICE") is physically detaining Petitioner in El

Paso, Texas.[1] According to Respondents, Petitioner is subject to mandatory detention under 8

U.S.C. § 1225(b)(2)(A),[2] which applies to noncriminal "applicants for admission" to the United

States.[3] Petitioner has remained in ICE custody for more than 90 days.[4] During that time, the

Government has neither (1) provided Petitioner an individualized bond hearing; nor (2) entered a

final order of removal in Petitioner's case.[5]

## II.    Discussion

### A.    Fifth Amendment Due Process Clause

The Fifth Circuit held in *Sosnava Rodriguez v. Ortega* "that the Due Process Clause

requires the Government to provide a bond hearing to aliens held under Section

1225(b)(2)(A) within a reasonable time of detention."[6] As for a "reasonable time," the Fifth

---

[1] *See* Pet., ECF No. 1, at 2.

[2] *See* Resp., ECF No. 4, at 1.

[3] *Contrast* 8 U.S.C. § 1225(b)(2)(A) (providing (subject to certain exceptions) that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained"), *with id.* § 1226(c) (governing the "[d]etention of criminal aliens").

[4] *See* Resp. at 4 (indicating that the Government redetained Petitioner on January 12, 2026); *see also id.* (indicating that the Government hasn't given Petitioner an individualized bond hearing since his redetention began on January 12, 2026).

[5] Per the undersigned Judge's Standing Order to Provide Status Updates in Immigration Habeas Cases, the parties were required to tell the Court if and when (1) "the Government grants the petitioner a custody redetermination hearing [(*i.e.*, a bond hearing)]," (2) "the Government issues an order of removal against the petitioner," and (3) "the petitioner's order of removal becomes administratively final." A copy of that Standing Order is available at https://www.txwd.uscourts.gov/judges-information/standing-orders/.

Neither party has filed a status update containing that information, so the Court proceeds under the assumption that no final order of removal exists and that Petitioner has not received a bond hearing.

[6] *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *15 (5th Cir. July 2, 2026).

Circuit concluded "that the Government may detain aliens under Section 1225(b)(2)(A) for *ninety days* but *no longer* without a bond hearing."[7]

The Fifth Circuit has since voted to rehear *Sosnava Rodriguez en banc*.[8] Accordingly, the panel opinion in that case is now vacated and "of no precedential value."[9] The Court cannot infer from the Fifth Circuit's decision to rehear the case, however, that the "panel was incorrect in its conclusions."[10] Indeed, in at least one case in recent memory, the full Fifth Circuit reached substantially the same ruling as the three-judge panel after rehearing the case *en banc*.[11] The Court will continue to follow the panel decision "as persuasive, non-binding authority."[12]

As is relevant, the record here indicates that the Government:

---

[7] *See id.* at *16 (emphasis added); *id.* at *7 (noting that Section 1225(b)(2)(A) "unambiguously provides for mandatory detention" (quoting *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026))).

[8] Order on Petition for Rehearing En Banc at 3, *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 10, 2026), ECF No. 174 ("[I]t is ordered that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed." (emphasis omitted)).

[9] *See id.* ("Pursuant to 5th Circuit Rule 41.3, the panel opinion in this case dated July 02, 2026, is vacated." (emphasis omitted)); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (quoting *United States v. Pineda-Ortuno*, 952 F.2d 98, 102 (5th Cir. 1992)).

[10] *See, e.g.*, *T-Mobile USA, Inc. v. The City of Anacortes*, No. C07-1644 RAJ, 2008 WL 3412382, at *8 (W.D. Wash. July 18, 2008); *see also id.* ("The *en banc* opinion could prove to be consistent with the panel opinion's conclusion on [a specific issue], could reach a different conclusion, or could resolve the case on different grounds.").

[11] *Compare Veasey v. Abbott*, 796 F.3d 487, 519–20 (5th Cir. 2015) (Haynes, J.), *with Veasey v. Abbott*, 830 F.3d 216, 272 (5th Cir. 2016) (en banc) (partial-majority and partial-plurality opinion of Haynes, J.).

[12] *E.g.*, *Hurtado v. Venturella*, 3: 26-CV-00280-DCG, 2026 WL 1983235, at *2 (W.D. Tex. July 7, 2026); *cf. Spears v. Stewart*, 283 F.3d 992, 1017 n.16 (9th Cir. 2002) ("Vacated opinions remain persuasive, although not binding authority."); *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1218 (11th Cir. 2009) ("We are free to give statements in a vacated opinion persuasive value if we think they deserve it.").

(1)      is detaining Petitioner under Section 1225(b)(2)(A);[13]

(2)      has detained Petitioner for more than 90 days;[14] and

(3)      has not given Petitioner a bond hearing at which the Government "articulate[d] an individualized justification for further detention without bond."[15]

Thus, under the persuasive (albeit non-binding) authority in *Sosnava Rodriguez*, Petitioner is

entitled to habeas relief.

**B.      Remedy**

Having determined that Respondents have deprived Petitioner of procedural due process

under the Fifth Amendment, the Court next considers the appropriate remedy. Specifically, the

Court must decide whether to:

(1)      order Respondents to give Petitioner a bond hearing by a specified date— which would necessarily occur outside the 90-day window the Fifth Circuit adopted; or

(2)      release Petitioner from custody immediately.

*Sosnava Rodriguez* indicates that the latter remedy is the appropriate one. The Fifth

Circuit stated that if the petitioners in *Sosnava Rodriguez* had still been in detention at the time

---

[13] *See supra* notes 2–3 and accompanying text.

[14] *See supra* note 4 and accompanying text.

[15] *See supra* note 5 and accompanying text.

*See also Sosnava Rodriguez*, 2026 WL 1906557, at *16 (determining "that a [bond] hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond"); *see also id.* (concluding that "dangerousness and flight risk" may provide such an individualized justification for further detention without bond, but "not reject[ing] the possibility that the Government may be able to assert another justification why an unadmitted alien must be detained").

of the panel's ruling,[16] the panel's opinion "would require their *release* unless they had been provided a bond hearing" by the 90-day deadline that the Fifth Circuit adopted.[17] This Court interprets that language to mean that release—not an untimely bond hearing—is the proper remedy when the Government fails to give a § 1225(b)(2)(A) detainee a bond hearing within 90 days. Finding the panel's reasoning on that point persuasive, the Court will grant Petitioner release from custody.

## III.    Conclusion

The Court therefore **GRANTS** Maiko Jesus Gamez Calle's "Petition for Writ of Habeas Corpus" (ECF No. 1) **IN PART** to the extent it requests a bond hearing or release from custody and **DENIES** the Petition **IN PART** as to all other requests.

The Court **ORDERS** Respondents to **RELEASE** Petitioner from custody within <u>**seven calendar days**</u> of this Order, subject to appropriate and lawful conditions of supervision.

Respondents **MAY NOT** re-detain Petitioner under the authority of 8 U.S.C. § 1225(b)(2)(A) unless they first successfully move to modify this Order.[18]

---

[16] *See Sosnava Rodriguez*, 2026 WL 1906557, at *3 & n.2 (noting that the petitioners had been "released from custody" pursuant to the district court's orders granting their habeas corpus petitions).

[17] *See id.* at *17 (emphasis added).

[18] *Cf. id.* ("Regardless, we see no reason to have any of the three detained again to serve additional time prior to a removal order. If a removal order has been issued as to any of these aliens, detention under Section 1225(b)(2)(A) is no longer relevant.").

Nothing in this Order prohibits the Government from re-detaining Petitioner under 8 U.S.C. §§ 1226(c), 1231(a)(2)(A), or another similar source of statutory authority. *See id.* ("[I]f a removal order is entered for any alien who [is] released under our ruling, detention will again be required under Section 1231(a)(2)(A). Our decision does not apply to any alien held under Section 1226(c), or under any other statutory provision requiring detention without bond.").

The Court **ORDERS** Respondents to **RETURN** Petitioner's property (including identification, immigration papers, cellphone, money, keys, and any other personal effects).

The Court **ORDERS** Respondents to **NOTIFY** the Court **no later than fourteen days** of this Order with confirmation of Petitioner's release.[19]

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Senior Official Performing the Duties of the Director of ICE **David J. Venturella** in place of former Acting Director Todd M. Lyons as a Respondent in this case.[20]

**So ORDERED and SIGNED this 16th day of July 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[19] That deadline is subject to the automatic extension provisions in Federal Rule of Civil Procedure 6(a)(1)(C). *See* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Respondents' deadline to release Petitioner within seven *calendar* days is *not* subject to Rule 6(a)(1)(C).

[20] *Compare* Pet. at 1, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").